## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **WINIFERD B. RAWLINS, II**<br>412 West Arlington Drive<br>Trenton, OH 45067<br><br>    Plaintiff,<br><br>  v.<br><br>**NATIONSTAR MORTGAGE, LLC d.b.a.**<br>**MR. COOPER**<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT FOR MONEY**<br><br>**(DEMAND FOR A JURY TRIAL)** |

Plaintiff Winiferd B. Rawlins, II, by and through counsel, for his Complaint against Defendant Nationstar Mortgage, LLC d.b.a. Mr. Cooper states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff Winiferd B. Rawlins, II ("Plaintiff") is the owner of real property located at 8412 West Arlington Drive, Trenton, Ohio 45067 (the "Home").

2.  Plaintiff currently maintains the Home as his primary, principal residence, and has so maintained the Home at all times relevant.

3.  Defendant Nationstar Mortgage, LLC. d.b.a. Mr. Cooper ("Defendant" or "Mr. Cooper") is the current servicer of a note e(the "Note") and a mortgage on the Home that purportedly secures the Note (the "Mortgage") each executed by Plaintiff (collectively referred to hereinafter as the "Loan").

4.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises

under the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq*. (RESPA).

5.      This action is filed to enforce regulations promulgated by the Consumer Finance Protection Bureau (CFPB) and implemented pursuant to section 6(f) of RESPA which became effective on January 10, 2014, specifically, 12 C.F.R. §§ 1024.35, 1024.36, and 1024.41 of Regulation X.

6.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as Plaintiffs maintain the Home as their primary residence within this District.

## INTRODUCTION

7.      The Loan and the Home are the subject of foreclosure proceedings in the Court of Common Pleas for Butler County, Ohio captioned or otherwise stylized as *Nationstar Mortgage, LLC v. Winiferd B. Rawlins, II*, et al., and assigned Case No. CV 2016 06 1307 (the "Foreclosure").

8.      In an effort to save the Home and to continue to make reasonable payments on the Loan, Plaintiff sought relief from Mr. Cooper in the form of loss mitigation, specifically a loan modification, in October of 2017.

9.      Plaintiff submitted a loss mitigation application to Mr. Cooper, by and through counsel, on October 12, 2017.

10.     Mr. Cooper mailed correspondence dated October 14, 2017 acknowledging that they had received the Application and that it was complete.

11.     Plaintiff did not receive any further written correspondence from Mr. Cooper regarding his loss mitigation application prior to Mr. Cooper's request in the Foreclosure that a

foreclosure sale be scheduled in violation of Regulation X of the Real Estate Settlement Procedures Act (RESPA) dual tracking provision.

12.     In January 2013, the CFPB issued a number of final rules concerning mortgage markets in the United States, pursuant to the DFA, Public Law No. 111-203, 124 Stat. 1376 (2010).

13.     Specifically, on January 17, 2013, the CFPB issued the RESPA (Regulation X) Mortgage Servicing Final Rules, 78 F.R. 10695 (February 14, 2013), which became effective on January 10, 2014.

14.     The Loan is a "federally related mortgage loan" as defined by 12 C.F.R. § 1024.2(b).

15.     Mr. Cooper is subject to the aforesaid Regulations and does not qualify for the exception for "small servicers", as defined in 12 C.F.R. § 1026.41(e)(4), nor the exemption for a "qualified lender", defined in 12 C.F.R. § 617.7000.

16.     Plaintiff has a private right of action under RESPA pursuant to 12 U.S.C. § 2605(f) for the claimed breaches which provides for remedies including actual damages, costs, statutory damages, and attorneys' fees.

17.     Plaintiff is asserting a claim for relief against Mr. Cooper under RESPA for breaches of 12 C.F.R. § 1024.41 of Regulation X as set forth, *infra*.

18.     The Ohio Consumer Sales Practices Act (OCSPA) is a state consumer protection law prohibiting unfair and deceptive acts and practices by suppliers before, during, or after a consumer transaction.  R.C. § 1345.02(A).

19.     Mr. Cooper is a supplier, Plaintiff is a consumer, and the Loan is a consumer

transaction, subject to the requirements of the OCSPA.

20.     Plaintiff also asserts a private right of action against Mr. Cooper for unfair and deceptive acts and practices in servicing and collecting on the Loan in violation of the OCSPA.

21.     Congress enacted the Fair Debt Collection Practices Act (FDCPA) to prohibit the "[u]se of abusive, deceptive, and unfair debt collection practices." 15 U.S.C § 1692a.

22.     Mr. Cooper is a debt collector, Plaintiff is a consumer, and the Loan is a debt, as defined by the FDCPA.

23.     The Loan was in default at the time that Mr. Cooper began servicing the Loan.

24.     Plaintiff also asserts a private right of action against Mr. Cooper under the FDCPA, pursuant to 15 U.S.C. § 1692k, for Mr. Cooper's conduct in connection with collection of the Loan and Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorneys' fees.

## BACKGROUND

25.     On or about October 12, 2017, Plaintiff, by and through counsel, submitted a loss mitigation application to Mr. Cooper (the "Application") via email correspondence to Mr. Cooper.  A true and accurate copy of the cover page for the Application, outlining the submitted documents constituting the Application, is attached as *Plaintiff's Exhibit 1*.

26.     On or about October 14, 2017, Mr. Cooper sent correspondence acknowledging that the Application was complete. A true and accurate copy of such correspondence is attached as *Plaintiff's Exhibit 2*.

27.     On or before December 18, 2017, Attorney C. Scott Casterline of Carlisle, McNellie, Rini, Kramer, & Ulrich Co., L.P.A., counsel for Mr. Cooper in the Foreclosure

("Foreclosure Counsel"), filed a "Motion to Appoint a Private Selling Officer" in the Foreclosure (the "Motion").  A printout of the Foreclosure docket is attached as *Plaintiff's Exhibit 3*.

28.     On or about December 19, 2017, Plaintiff logged into Mr. Cooper's online portal and found correspondence dated November 10, 2017 had been uploaded to the portal (the "Denial").  A true and accurate copy of the Denial is attached as *Plaintiff's Exhibit 4*.

29.     At no point in time after sending the October 14, 2017 correspondence did Mr. Cooper or Foreclosure Counsel notify Plaintiff or his counsel that the Denial had been uploaded to Mr. Cooper's online portal or that they should monitor the portal for such notifications.

30.     On December 20, 2017, Plaintiff, by and through counsel, sent correspondence to Mr. Cooper captioned "Re: Notice of error pursuant to 12 C.F.R. §1024.35(b)(11) for violation of 12 C.F.R. §1024.41(c); Notice of Error pursuant to 12 C.F.R. §1024.35(b)(10) for violation of 12 C.F.R. §1024.41(g)" via Certified U.S. Mail [Receipt 7014 2120 0003 0667  0661] (the "NOE").  A true and accurate copy of the NOE is attached as *Plaintiff's Exhibit 5*.

31.     Plaintiff sent the NOE to the address designated by Mr. Cooper for the receipt of such correspondence pursuant to 12 C.F.R. §1024.35(c).

32.     Mr. Cooper received the NOE on or about January 2, 2018.  A copy of the "Product & Tracking Information" from USPS's website (www.usps.com) for the NOE is attached as *Plaintiff's Exhibit 6*.

33.     On or about December 26, 2017, Mr. Cooper sent correspondence acknowledging their receipt of the NOE.  A true and accurate copy of such correspondence is attached as *Plaintiff's Exhibit 7*.

34.     On or before January 4, 2018, Foreclosure Counsel's Motion was denied.  See

*Plaintiff's Exhibit 3.*

35.    Despite Mr. Cooper's receipt of the NOE, on January 18, 2018, Foreclosure Counsel filed a "Praecipe for Order of Sale" in the Foreclosure requesting that the Clerk of Common Pleas Court in Butler County, Ohio issue an order for a sheriff's sale to the Sheriff of Butler County, Ohio (the "Order").  See *Id.*

36.    Throughout this entire ordeal, Plaintiff has simply wanted to save his Home with a loan modification, to responsibly resume his mortgage payments, and begin the lengthy process of rehabilitating his credit.

37.    Mr. Cooper's actions have further caused Plaintiff to incur legal fees and expenses to draft and mail notices of error via Certified U.S. Mail to seek Mr. Cooper's compliance with their obligations under Regulation X and to provide information related to the servicing of the Loan.  See *Plaintiff's Exhibit 5.*

38.    At the time of the filing of this Complaint, Mr. Cooper has had at least Seven Thousand and Three Hundred Fifty One (7,351) consumer complaints lodged against them nationally, specifically concerning the issue identified on the CFPB's consumer complaint database as "loan modification, collection, foreclosure" concerning mortgages. Each such complaint is filed and cataloged in the CFPB's publicly accessible online database. (https://www.consumerfinance.gov/data-research/consumer-complaints/).

| COUNT STATUTE VIOLATED | SUMMARY OF CLAIM AND VIOLATIONS |
| --- | --- |
| One<br><br>12 C.F.R. § 1024.41(g)<br><br>*Prohibition on Dual Tracking - Improperly* | Violation: Mr. Cooper allowed motions for sheriff sale to be filed despite not providing response to borrower. |

| | |
|---|---|
| *moving forward with the Foreclosure* | |
| Two<br><br>12 C.F.R. § 1024.41(c)(1)(ii)<br><br>*Failure to Timely Review Loss Mitigation Application* | Violation: Mr. Cooper failed to provide the borrower with the response within 30 days. |
| Three<br><br>15 U.S.C. §1692 (c)<br><br>*FDCPA - Improper Communication with a Represented Party* | Violation: Mr. Cooper communicated directly with Plaintiff via online portal. |
| Four<br><br>15 U.S.C. §1692 (k)<br><br>*FDCPA - Unconscionable Means to Collect a Debt* | Violation: Mr. Cooper employed an unfair and unconscionable means to collect or attempt to collect a debt. |
| Five<br><br>R.C. § 1345.02(A)<br><br>*OCSPA - Unconscionable Means to Collect a Debt* | Violation: Mr. Cooper employed unfair and deceptive acts before, during, or after a consumer transaction. |

## COUNT ONE
## VIOLATION OF 12 C.F.R. § 1024.41(g)

**(Moving for an order for sheriff's sale without sending notice of which loss mitigation options, if any, were available to Plaintiff)**

39.     Plaintiff restates and incorporates herein each of their statements and allegations contained in paragraphs 1 through 38 in their entirety, as if fully rewritten herein

40.     12 C.F.R. § 1024.41(a) explicitly provides that "[a] borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C. §2605(f))".

41.     12 C.F.R. § 1024.41(g) provides that "[i]f a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than 37 days before a foreclosure sale, a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale, unless: (1) The servicer has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any loss mitigation option and the appeal process in paragraph (h) of this section is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied; (2) The borrower rejects all loss mitigation options offered by the servicer; or (3) The borrower fails to perform under an agreement on a loss mitigation option."

42.     Comment 1 of the Official Interpretations of the CFPB to 12 C.F.R. § 1024.41(g) provides that "[t]he prohibition on a servicer moving for judgment or order of sale includes making a dispositive motion for foreclosure judgment, such as a motion for default judgment, judgment on the pleadings, or summary judgment, which may directly result in a judgment of foreclosure or order of sale. A servicer that has made any such motion before receiving a complete loss mitigation application has not moved for a foreclosure judgment or order of sale if the servicer takes reasonable steps to avoid a ruling on such motion or issuance of such order prior to completing the procedures required by § 1024.41, notwithstanding whether any such action successfully avoids a ruling on a dispositive motion or issuance of an order of sale."

43.     On or about October 12, 2017 Plaintiff submitted the Application to Mr. Cooper. See *Plaintiff's Exhibit 1*.

44.     There was no sheriff's sale scheduled at the time the Application was submitted to

Mr. Cooper.  See *Plaintiff's Exhibit 1 and 3*.

45.    On or about October 14, 2017 Mr. Cooper sent correspondence acknowledging that the  Application was complete. See *Plaintiff's Exhibit 2*.

46.    On December 18, 2017, Mr. Cooper had not provided a response to the Application as required under 12 C.F.R. § 1024.41(c).

47.    Mr. Cooper's failure to provide a response as noted in Paragraph 46 above deprived the Plaintiff of the ability to not only timely appeal the decision on the Application but also, upon belief, deprived the Plaintiff from being reviewed for an eligible. modification under the USDA guidelines.

48.    Despite the above, on December 18, 2017 Mr. Cooper directed its Foreclosure Counsel to file a Motion to Appoint Private Selling Officer pursuant to ORC 2329.151(C) and 2329.152.  See *Plaintiff's Exhibit 3*.  Following the denial of this Motion by the Court, Mr. Cooper allowed Foreclosure Counsel to file the Praecipe for Order of Sheriff Sale in the Foreclosure on January 18th, 2018.  See *Id.* The Order for Sheriff Sale was granted on January 23rd, 2018.  As of the filing of this Complaint the actual sheriff sale date has not yet been set by the Butler County (OH) Sheriff.

49.    Mr. Cooper's actions in allowing Foreclosure Counsel to request that a sheriff's sale be scheduled constitute a clear, separate, and distinct violation of 12 C.F.R. § 1024.41(g).

50.    Mr. Cooper's actions are part of a pattern and practice of behavior in conscious disregard for Plaintiff's rights.

51.    In addition to the damages outlined, *supra*, Mr. Cooper's violation of 12 C.F.R. § 1024.41(g) directly and proximately caused Plaintiff to incur actual damages including but not

limited to attorneys' fees. See *Plaintiff's Exhibit 5*.

52.    As a result of Mr. Cooper's actions, Mr. Cooper is liable to Plaintiff for actual damages, statutory damages, costs, and attorneys' fees.

## COUNT TWO
## VIOLATION OF 12 C.F.R. § 1024.41(c)

**(Failure to properly respond to a complete loss mitigation application)**

53.    Plaintiff restates and incorporates herein each of their statements and allegations contained in paragraphs 1 through 38 in their entirety, as if fully rewritten herein.

54.    12 C.F.R. § 1024.41(a) explicitly provides that "[a] borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C. §2605(f))".

55.    12 C.F.R. § 1024.41(c)(1) provides that "[i]f a servicer receives a complete loss mitigation application more than 37 days before a foreclosure sale, then, within 30 days of receiving a borrower's complete loss mitigation application, a servicer shall:(i) Evaluate the borrower for all loss mitigation options available to the borrower; and (ii) Provide the borrower with a notice in writing stating the servicer's determination of which loss mitigation options, if any, it will offer to the borrower on behalf of the owner or assignee of the mortgage. The servicer shall include in this notice the amount of time the borrower has to accept or reject an offer of a loss mitigation program as provided for in paragraph (e) of this section, if applicable, and a notification, if applicable, that the borrower has the right to appeal the denial of any loan modification option as well as the amount of time the borrower has to file such an appeal and any requirements for making an appeal, as provided for in paragraph (h) of this section."

56.    Comment 1 of the Official Interpretations of the CFPB to 12 C.F.R. § 1024.41(b)(3) provides that if no foreclosure sale is scheduled as of the date a loss mitigation

application is received, the application is considered to have been received more than ninety (90) days before any foreclosure sale.

57.   On or about October 12, 2017 Plaintiff submitted the Application to Mr. Cooper. See *Plaintiff's Exhibit 1*.

58.   There was no sheriff's sale scheduled at the time the Application was submitted to Mr. Cooper.  See *Plaintiff's Exhibit 1 and 3*.

59.   On or about October 14, 2017 Mr. Cooper sent correspondence acknowledging that the Application was complete. See *Plaintiff's Exhibit 2*.

60.   As of October 12, 2017, Mr. Cooper was in possession of a complete loss mitigation application by and through their receipt of the Application and therefore were obligated to review such application and provide a notice in writing in accordance with the requirements of 12 C.F.R. § 1024.41(c)(1) within thirty (30) days of October 12, 2017, that is, on or before November 11, 2017.  See *Plaintiff's Exhibit 1-2*.

61.   On or about December 19, 2017, Plaintiff logged into Mr. Cooper's online portal and found the Denial had been uploaded to the portal with no prior notice of the posting of such or notice to monitor the portal for the same.  *See Plaintiff's Exhibit 4*.

62.   At no point in time after the October 14, 2017 correspondence did Mr. Cooper or Foreclosure Counsel notify Plaintiffs or their counsel that the Denial had been uploaded to Mr. Cooper's online portal. *See Plaintiff's Exhibit 5*.

63.   Mr. Cooper's failure to ensure the Denial was received by Plaintiff by mailing the Denial to the Plaintiff or notifying Plaintiff that the Denial had been uploaded to Mr. Cooper's online portal constitutes a clear, separate, and distinct violation of 12 C.F.R. § 1024.41(c).

64.     Mr. Cooper's actions are part of a pattern and practice of behavior in conscious disregard for Plaintiff's rights.

65.     In addition to the damages outlined, supra, Plaintiff's violation of 12 C.F.R. § 1024.41(c)(ii) directly and proximately caused Plaintiff to incur actual damages including but not limited to attorneys' fees and expenses in researching, drafting, and sending the NOE in an attempt to have Mr. Cooper properly review the Application. See *Plaintiff's Exhibit 5.*

66.     As a result of Mr. Cooper's actions, Mr. Cooper is liable to Plaintiff for actual damages, statutory damages, costs, and attorneys' fees.

## COUNT THREE
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 (c)

67.     Plaintiff restates and incorporates herein each of their statements and allegations contained in paragraphs 1 through 38 in their entirety, as if fully rewritten herein.

68.     15 U.S.C. § 1692c provides that "[w]ithout the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt…if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer."

69.     In the course of acting as a debt collector Mr. Cooper received and handled loss mitigation applications and correspondence regarding the Loan.

70.     Although Mr. Cooper was aware that Plaintiff was represented by counsel, Mr. Cooper still communicated directly with Plaintiff via the online portal on or before December 19, 2017.  See *Plaintiff's Exhibits 2 and 5*.

71.     Mr. Cooper violated 15 U.S.C. § 1692(c) because its conduct as outlined herein constitutes a violation of communication with the consumer generally and ceasing communication to collect or to attempt to collect a debt.

72.     Mr. Cooper's conduct was outrageous, willful, and wanton, and it showed a reckless disregard for Plaintiff's rights.

73.     Mr. Cooper is liable to the Plaintiff for actual damages, statutory damages, and reasonable attorneys' fees and costs.

## COUNT FOUR
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 (k)

74.     Plaintiff restates and incorporates herein each of their statements and allegations contained in paragraphs 1 through 38 in their entirety, as if fully rewritten herein.

75.     15 U.S.C. § 1692(f) provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

76.     15 U.S.C. § 1692(d) provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

77.     In the course of acting as a debt collector Mr. Cooper received and handled loss mitigation applications and correspondence regarding the Loan.

78.     Although Mr. Cooper was aware that Plaintiff had not received the Denial in a timely manner, Mr. Cooper did not prevent Foreclosure Counsel from requesting that a sheriff's sale be scheduled in a practice known as "dual tracking" that is specifically prohibited under the federal Real Estate Settlement Procedures Act.

79.     Mr. Cooper violated 15 U.S.C. § 1692(f) because its conduct as outlined herein constitutes an unconscionable means to collect or to attempt to collect a debt.

80.     Mr. Cooper violated 15 U.S.C. § 1692(d) by employing an unfair and unconscionable means to collect the subject debt.

81.     Mr. Cooper's conduct has caused Plaintiff to suffer great emotional distress driven by the fear that they might lose their home which has resulted in loss of sleep, anxiety, depression, and embarrassment.

82.     Mr. Cooper's conduct was outrageous, willful, and wanton, and it showed a reckless disregard for Plaintiff's rights.

**COUNT FIVE**
**OHIO CONSUMER SALES PRACTICES ACT**
**R.C. § 1345.02(A)**

83.     Plaintiff restates and incorporates herein each of their statements and allegations contained in paragraphs 1 through 38 and 74 through 80 in their entirety, as if fully rewritten herein.

84.    By ignoring the NOE, while at the same time allowing Foreclosure Counsel to request a sheriff's sale, Mr. Cooper engaged in unfair and deceptive acts and practices in violation of R.C. § 1345.02(A).

85.    As a result of the conduct of Mr. Cooper, Plaintiff has suffered anxiety and fear of losing his home.

86.    The conduct of Mr. Cooper was outrageous, willful, and wanton, and it showed a reckless disregard for Plaintiff's rights, and Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Winiferd B. Rawlins, II prays that this Court enter its order granting judgment in his favor as follows:

A)    A finding that Mr. Cooper committed violations of 12 C.F.R. § 1024.41 as alleged in Counts One and Two;

B)    A finding that Mr. Cooper committed violations of the FDCPA and OCSPA as alleged in Counts Three through Five;

C)    For actual damages in an amount to be determined at trial as to each and every count;

D)    For costs, and reasonable attorneys' fees as alleged in each and every Count;

E)    For statutory damages against Mr. Cooper in the amount of Two Thousand Dollars ($2,000.00) as to each violation of 12 C.F.R. § 1024.41, as alleged by and through Counts One through Two;

F)    For statutory damages against Mr. Cooper in the amount of One Thousand Dollars ($1,000.00) for their violation of the FDCPA as alleged in Count Three and/or Count Four;

G)    For statutory damages against Mr. Cooper in the amount of at least Five Hundred Dollars ($500.00) but no more than Five Thousand Dollars ($5,000.00) for their violation of the OCSPA as alleged in Count Five;

H)    Such other relief which this Court may deem appropriate.

                                        Respectfully submitted,

                                        /s/ Marc E. Dann
                                        Marc E. Dann (0039425)
                                        Brian D. Flick (0081605)
                                        Daniel M. Solar (0085632)
                                        DANNLAW
                                        P.O. Box 6031040
                                        Cleveland, OH 44103
                                        Telephone: (216)373-0539
                                        Facsimile: (216)373-0536
                                        notices@dannlaw.com
                                        Counsel for Plaintiff

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

                                        /s/ Marc E. Dann
                                        Marc E. Dann (0039425)
                                        Brian D. Flick (0081605)
                                        Daniel M. Solar (0085632)
                                        DANNLAW
                                        Counsel for Plaintiff